Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
JOSE LUIS MENDIETA and JAIME
MORALES JUAREZ,

*Plaintiff*,

-against-

56 FRESH MARKET CORP d/b/a
ANTILLANA MEAT MARKET, MICHAEL
FRIAS a/k/a Michael Rodriguez and
JOHANNA URENA A/K/A JOHANNA
FRIAS

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**
**JURY TRIAL DEMANDED**
**Case No:** 22-cv-4979

JOSE LUIS MENDIETA and JAIME MORALES JUAREZ ("Plaintiffs") by and through their

attorney, Colin Mulholland, Esq., as against 56 FRESH MARKET CORP d/b/a ANTILLANA

MEAT MARKET, MICHAEL FRIAS a/k/a Michael Rodriguez, and JOHANNA URENA

A/K/A JOHANNA FRIAS (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiffs are former employees of 56 FRESH MARKET CORP d/b/a

ANTILLANA MEAT MARKET at 490 W 207th St, New York, NY 10034 that was owned and

operated by Defendants MICHAEL FRIAS a/k/a Michael Rodriguez and JOHANNA URENA

A/K/A JOHANNA FRIAS.

2.      Defendants own, operate, and/or controlled 56 FRESH MARKET CORP d/b/a

ANTILLANA MEAT MARKET at 490 W 207th St, New York, NY 10034.

1

3.      Plaintiff MENDIETA was employed by Defendants as a food packer, organizer, handyman, and general laborer.

4.      Plaintiff MORALES was employed by Defendants as a clerk and general laborer.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

6.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

7.      Plaintiffs now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

9.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

10.     Plaintiff JOSE LUIS MENDIETA ("Plaintiff MENDIETA") is an adult individual residing in the New York County, New York. Plaintiff MENDIETA was employed by Defendants at 56 FRESH MARKET CORP d/b/a ANTILLANA MEAT MARKET from approximately January 2021 through March 2022.

11.     Plaintiff JAIME MORALES JUAREZ ("Plaintiff MORALES") is an adult individual residing in the County of the Bronx, New York. Plaintiff MORALES was employed by Defendants at 56 FRESH MARKET CORP d/b/a ANTILLANA MEAT MARKET from approximately April 2021 through March 2022.

12.     56 FRESH MARKET CORP d/b/a ANTILLANA MEAT MARKET is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 490 W 207th St, New York, NY 10034.

13.     Defendant MICHAEL FRIAS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant MICHAEL FRIAS is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

14.     Defendant MICHAEL FRIAS possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

15.     Defendant MICHAEL FRIAS determined the wages and compensation of the employees of Defendants, including Plaintiffs.

16.     Defendant MICHAEL FRIAS established the schedule of the Plaintiffs.

17.     Defendant MICHAEL FRIAS issued pay to Plaintiffs.

18.     Defendant MICHAEL FRIAS disciplined Plaintiffs including but not limited to imposing wage deductions.

19.     Defendant MICHAEL FRIAS had the authority to hire and fire employees and in fact hired Plaintiffs.

20.     Defendant JOHANNA URENA A/K/A JOHANNA FRIAS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JOHANNA URENA A/K/A JOHANNA FRIAS is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

21.     Defendant JOHANNA URENA A/K/A JOHANNA FRIAS possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

22.     Defendant JOHANNA URENA A/K/A JOHANNA FRIAS determined the wages and compensation of the employees of Defendants, including Plaintiffs.

23.     Defendant JOHANNA URENA A/K/A JOHANNA FRIAS established the schedule of the Plaintiffs.

24.     Defendant JOHANNA URENA A/K/A JOHANNA FRIAS issued pay to Plaintiffs.

25.     Defendant JOHANNA URENA A/K/A JOHANNA FRIAS disciplined Plaintiffs including but not limited to imposing wage deductions.

26.     Defendant JOHANNA URENA A/K/A JOHANNA FRIAS had the authority to hire and fire employees and in fact hired Plaintiffs.

## FACTUAL ALLEGATIONS

27.     Defendants MICHAEL FRIAS and JOHANNA URENA A/K/A JOHANNA FRIAS possess operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other.

29.     Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

30.     Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff.

32.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

33.     In each year from 2021 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.     Defendants had 11 or more employees during the relevant period.

35.     In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at 56 FRESH MARKET CORP d/b/a ANTILLANA MEAT MARKET, such as vegetables, potatoes, breads, flour, eggs, milk, meats, beverages and cleaning supplies, were produced outside the State of New York.

36.     Plaintiffs individually engaged in interstate commerce.

*Plaintiff JOSE LUIS MENDIETA*

37.     Plaintiff MENDIETA was employed by Defendants from approximately January 2021 through March 2022.

38.     Throughout his employment with defendants, Plaintiff MENDIETA was employed at the 56 FRESH MARKET CORP d/b/a ANTILLANA MEAT MARKET as a food packer, organizer, handyman, grocery clerks, and general laborer.

39.     Plaintiff MENDIETA regularly handled goods in interstate commerce, such as food products and other supplies produced outside the state of New York.

40.     Plaintiff MENDIETA work duties required neither discretion nor independent judgment.

41.     Plaintiff MENDIETA regularly worked in excess of 40 hours per week.

42.     From January 2021 to the middle of March 2021, Plaintiff MENDIETA worked five days per week from 4:00 P.M. until 8:00 P.M.

43.     From mid-March 2021 until September 2021 Plaintiff MENDIETA worked for the Defendants for six (6) days per week from approximately 8:00 A.M. to 4:00 P.M. or 5:00 P.M.

44.     From January 2021 to September 2021, Defendants paid Plaintiff MENDIETA a straight time rate of $16.00 and $24.00 per hour over forty.

45.     In September of 2021 Plaintiff MENDIETA started getting paid a weekly salary that did not include a premium for his overtime hours.

46.     From September 2021 through October 2021, Plaintiff MENDIETA worked for the Defendants six (6) days per week from 7 A.M. to between 4 P.M and 5:00 P.M.

47.     From September 2021 through October 2021, Defendants paid Plaintiff MENDIETA a weekly salary of $700.00 without a premium for his overtime hours.

48.     From November 2021 through February 2022, Plaintiff MENDIETA worked for the Defendants six (6) days per week from 7:00 A.M. until between 4:00 P.M. and 5:00 P.M.

49.     From November 2021 through the middle of February 2022, Defendants paid Plaintiff MENDIETA a weekly salary of $550.00 without a premium for his overtime hours.

50.     From the end of February until the end of his employ in March 2022, Plaintiff MENDIETA worked for the defendants for six (6) days per week from 7 A.M. to 4 P.M or 5 P.M.

51.     From the end of February until the end of his employ in March 2022, Defendants paid Plaintiff MENDIETA a weekly salary of $700 without a premium for his overtime hours.

52.     No notification was given to Plaintiff MENDIETA regarding overtime and wages under the FLSA and NYLL.

53.     Defendants never provided Plaintiff MENDIETA with each payment of wages a statement of wages, as required by NYLL 195(3).

54.     Defendants never provided Plaintiff MENDIETA, any notice in English and in Spanish (Plaintiff MENDIETA primary language), of him rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.     Defendants improperly deducted the costs of lost or damaged equipment from Plaintiff MENDIETA' wages.

*Plaintiff JAIME MORALEZ JUAREZ*

56.     Plaintiff MORALES was employed by Defendants from approximately April 2021 through March 2022.

7

57.    Throughout his employment with defendants, Plaintiff MORALES was employed at the 56 FRESH MARKET CORP d/b/a ANTILLANA MEAT MARKET as a food packer, organizer, grocery clerk, handyman, and general laborer.

58.    Plaintiff MORALES regularly handled goods in interstate commerce, such as food products and other supplies produced outside the state of New York.

59.    Plaintiff MORALES work duties required neither discretion nor independent judgment.

60.    Plaintiff MORALES regularly worked in excess of 40 hours per week.

61.    Plaintiff MORALES worked for the Defendants six (6) days per week from approximately 7:00 A.M. until between approximately 5:00 P.M. to 8 P.M.

62.    From April 2021 through the beginning of August 2021 Plaintiff MORALES was paid a straight salary rate of $780 with no premium for overtime pay.

63.    From the middle of August 2021 through March 2022 Plaintiff MORALES was paid a straight salary rate of $800 with no premium for overtime pay.

64.    The second week of March 2022, Plaintiff MORALES was paid a straight salary rate of $900 with no premium for overtime pay.

65.    No notification was given to Plaintiff MORALES regarding overtime and wages under the FLSA and NYLL.

66.    Defendants never provided Plaintiff MORALES with each payment of wages a statement of wages, as required by NYLL 195(3).

67.    Defendants never provided Plaintiff MORALES, any notice in English and in Spanish (Plaintiff MORALES primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

68.     Defendants improperly deducted the costs of lost or damaged equipment from Plaintiff MORALES' wages.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

69.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

70.     Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

71.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72.     Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

73.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

74.     At all times relevant to this action, Defendants were Plaintiffs MENDIETA and MORALES 's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs MENDIETA and MORALES, controlled the terms and conditions of his employment, and had the power to determine the rate and method of any compensation in exchange for his employment.

75.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77.      Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78.      Defendants' failure to pay Plaintiffs MENDIETA and MORALES at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79.      Plaintiffs were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

80.      Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

81.      Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

82.      Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83.      Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**NEW YORK STATE LAW MINIMUM WAGE CLAIM**

84.      Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85.      At all times relevant to this action, Defendants were Plaintiffs MENDIETA and MORALES' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

86.      Defendants had the power to hire and fire Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

87.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs MENDIETA and MORALES less than the minimum wage.

88.     Defendants' failure to pay Plaintiffs MENDIETA and MORALES the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiffs MENDIETA and MORALES were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR**

90.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

91.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

92.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

93.     Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

94.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

95.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

96.     Defendants are liable to Plaintiffs' in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

97.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

98.     With each payment of wages, Defendants failed to provide Plaintiffs' with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours

worked; and the number of overtime hours worked, as required by NYLL 195(3).

99.     Defendants are liable to Plaintiffs in the amount of $5,000, together with costs

and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**UNPAID AND LATE WAGES UNDER NYLL ARTICLE 6 AND ARTICLE 19**

100.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

101.     Defendants regularly paid Plaintiffs later than seven (7) days.

102.     Defendants violated the NYLL by failing to timely pay Plaintiffs for their work

under NYLL Section *19 et seq*.

103.     Defendants' failure to pay Plaintiffs was willful malicious and/or not in good faith.

104.     Plaintiffs were damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS, TOOLS OF THE TRADE and KICKBACKS**

105.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

106.     At all times relevant to this action, Plaintiffs were employed by Defendants

within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 196, 195

and 198 and the applicable regulations thereunder.

107.     NYLL § 193(1) prohibits employers from making any deductions from an

employee's wages except for those permitted by law or those made for the benefit of the employee

which are expressly authorized in writing by the employee.   N.Y. Lab. Law §193(1).

108.     NYLL § 193(2) prohibits employers from making any charge against an employee's

wages or requiring an employee to make any payment by separate transaction, unless such payment

13

is a permitted deduction pursuant to § 193(1).  NYLL § 193(2).

109.    NYLL § 198-b prohibits Defendants from receiving "kickbacks" from Plaintiffs and other similarly-situated employees.  NYLL § 198-b.

110.    Title 12 of the Rules and Regulations of New York provides that the minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by his employer.

111.    Defendants deducted various unlawful charges from Plaintiffs pay including but not limited to stolen or lost equipment and other perceived errors.

112.    Moreover, these charges reduced Plaintiffs' wages below the minimum wage.

113.    Said violations were not in good faith within the meaning of New York Labor Law §§ 198.1-a and 663.

114.    Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

<u>**TENTH CAUSE OF ACTION**</u>

**TOOLS OF THE TRADE AND KICKBACKS (FLSA)**

115.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

116.    The regulations promulgated under the FLSA provide that wages cannot be considered to have been paid unless they are paid finally and unconditionally and without a direct or indirect "kickback" to the employer.  29 U.S.C. § 201 <u>et seq.</u>; 29 C.F.R. § 531.35.

117.    An employer receives an indirect "kickback" when it requires employees to purchase tools of their trade which will be used in or are specifically required for the performance of their work.  29 C.F.R. § 531.35.

118.    Defendants regularly received kickbacks by deducting various unlawful charges

from Plaintiffs pay including but not limited to lost or stolen equipment and other perceived errors.

119.     Moreover, these charges reduced Plaintiffs' wages below the minimum wage.

120.     Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

121.     Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages, reasonable attorney's fees and costs, pre- and post- judgment interest and any other remedy permitted by law.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)     Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(b)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs;

(d)     Awarding Plaintiffs damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wages and overtime wages, late wages, and damages

for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(g)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(j)     Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, minimum wages, late pay, deductions and overtime compensation shown to be owed pursuant to NYLL as applicable;

(m)     Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(o)     Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
          June 14th, 2022

By:     */s/ Colin Mulholland*
          Colin Mulholland, Esq.
          30-97 Steinway, Ste. 301-A
          Astoria, New York 11103
          Telephone: (347) 687-2019
          *Attorney for Plaintiffs*